IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LINDA PATTERSON JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| CITY OF DALLAS, | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff LINDA PATTERSON JOHNSON, files this her Original Complaint and Jury Demand against Defendant, CITY OF DALLAS, to redress certain grievances arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* For cause of action, Plaintiff would show this Court as follows:

### I. PARTIES

1. Plaintiff is a citizen and resident of Dallas, Texas.

2. Defendant is a municipality which may be served by delivering citation to Deborah Watkins, City Secretary, City of Dallas, Dallas City Hall, 1500 Marilla Street, Room 5D South, Dallas, Texas 75201.

### II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 2000e-5(f)(3), 29 U.S.C.

§ 621, et seq., and 28 U.S.C. § 1331, 1334. Venue in this district is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b). Defendant is an employer within the meaning of 42 U.S.C. § 2000e(b), and 29 U.S.C. § 630(b). Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on or about July 20, 2005 within three hundred (300) days of Defendant's discriminatory conduct. Plaintiff received a Notice of Right to Sue from the Department of Justice on or about September 28, 2007, relating to her Title VII claims and from the EEOC on or about October 3, 2007, relating to her ADEA claims. This suit is filed within ninety (90) days of receipt of the Right to Sue Letters from the EEOC and the Department of Justice. Based on the foregoing, all jurisdictional prerequisites to this suit have been met.

### III. FACTUAL BACKGROUND

4. Plaintiff was an employee of the City of Dallas Police Department. She began her employment with the City of Dallas in 1973 and worked continuously in various positions with the Police Department until her constructive termination on or about August 2, 2006.

5. In her first year with the Department, she worked in the Special Operation Division, Tactical Unit prior to transferring to Southeast Division, Patrol Bureau. In approximately 1977 she was assigned to the newly formed Explosive Ordnance Unit as a Bomb Technician. Subsequently, she served as a Bomb Technician for approximately seven (7) years before transferring out of that unit in order to obtain a promotion. Subsequently, after having been passed over on several occasions for assignment into the Supervisory Officer of the Explosive Ordnance Squad, she was awarded that position in approximately 1991, a position which she held for the next approximately fourteen (14) years until on or about June 22, 2005 when she was notified that effective June 29, 2005 she was being transferred/reassigned from the Homeland Security and Special Operations Division,

Explosive Ordnance Squad, to the position of Second Watch Station Sergeant at the Central Patrol Division. Subsequently, she was placed in the position of Supervisor to the Central Patrol Division. However, on July 5, 2005, she was informed that she would be a Uniform Street Patrol Supervisor, 110 Sector Sergeant and, in the event that she had not yet received her uniform in a reasonable amount of time, that she would have to ride in a squad car without a uniform.

6. At the time of her transfer/reassignment from her long standing position as Supervisory Officer of Explosive Ordnance Squad, she was fifty-five (55) years of age, with a birthdate in 1949.

7. Upon information and belief, Plaintiff's transfer/reassignment followed on the heels of an orchestrated effort on the part of her superiors to denigrate Plaintiff's reputation, get her to retire, and to take the Bomb Squad in a "new and different direction."

8. Following the transfer/reassignment, Plaintiff experienced serious medical concerns and utilized her available sick leave and personal leave until approximately August 2, 2006 when, faced with serious concerns regarding her safety should she return to a position as assigned in the Central Patrol Division, where she would be dependent upon other officers for her safety and protection, Plaintiff determined she had no reasonable choice other than to retire from her position, which she did effective August 2, 2006.

9. Upon Plaintiff's transfer/reassignment, she was replaced in the Explosive Ordnance Unit by a substantially younger male who was not trained and did not have a similar level of skill and experience as the Plaintiff.

## IV. CAUSES OF ACTION

### A. SEX DISCRIMINATION UNDER 42 U.S.C. § 2000e-2(a)1

10. Plaintiff re-alleges and re-incorporates the allegations contained in paragraph 1-9 as if fully

contained herein.

11. Defendant's action in transferring/reassigning Plaintiff from the position of Supervisory Officer of the Explosive Ordnance Squad to Sergeant of Police, Central Patrol Division, Patrol East Bureau, constituted illegal discrimination on the basis of Plaintiff's sex, female, in violation of 42 U.S.C. § 2000e-2(a)1. As a result of Defendant's actions, Plaintiff has suffered pecuniary losses including, but not limited to, lost wages and other benefits associated with employment.

12. Plaintiff has also suffered non-pecuniary losses including, but not limited to, physical injury, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

13. Defendant's actions were done with malice and/or with reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to compensatory and/or punitive damages under 42 U.S.C. § 1981A.

14. Plaintiff seeks reinstatement and/or frontpay.

15. Plaintiff seeks attorneys' fees and costs of suit, including expert witness fees under 42 U.S.C. § 2000e-5(k).

### B. AGE DISCRIMINATION

16. Plaintiff re-alleges and re-incorporates the allegations contained in paragraphs 1 through 15 as if fully stated herein.

17. Defendant's action in transferring/reassigning Plaintiff from the position of Supervisory Officer of the Explosive Ordnance Squad to Sergeant of Police, Central Patrol Division, Patrol East Bureau constitutes illegal discrimination in the basis of Plaintiff's age, in violation of 29 U.S.C. § 623(a). As a result of Defendant's discriminatory practices, Plaintiff has and will incur lost wages

and benefits for which she hereby sues.

18. Defendant's conduct constitutes a willful violation of the ADEA within the meaning of 29 U.S.C. § 626(b), thus entitling Plaintiff to liquidated damages.

19. Plaintiff seeks reinstatement and/or frontpay.

20. Plaintiff also seeks attorneys' fees and costs of suit, including reasonable expert fees under 29 U.S.C. § 626(b).

## V. JURY DEMAND

Plaintiff hereby makes a demand for a trial by jury on all claims in this action.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff JOHNSON requests that Defendant be summoned to appear and answer and that on final trial, judgment be granted against Defendant and that JOHNSON be awarded the following:

a. Backpay including, but not limited to, lost wages and other employment benefits;

b. Reinstatement or in the event reinstatement is not feasible, frontpay with respect to all pay and benefits JOHNSON would have received but for her constructive termination;

c. Liquidated damages and/or compensatory damages in the maximum amount allowed by law;

d. Prejudgment and postjudgment interest as allowed by law;

e. Attorneys' fees and expert fees and costs of suit; and

f. Such other and further legal and/or equitable relief to which JOHNSON may be justly entitled, as this Court may deem proper.

Respectfully submitted,

GILLESPIE, ROZEN, WATSKY & JONES, P.C.

By: /s/ Yona Rozen
Yona Rozen
Texas State Bar No. 17358500
3401 Oak Grove Avenue, Suite 200
Dallas, Texas 75204
Telephone:   (214) 720-2009
Facsimile:   (214) 720-2291
E-mail:      yrozen@grwlawfirm.com

%JS 44  (Rev. 10/06)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
LINDA PATTERSON JOHNSON

### DEFENDANTS
CITY OF DALLAS


307 CV 2132-N

(b) County of Residence of First Listed Plaintiff  DALLAS
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  DALLAS
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Yona Rozen, Gillespie, Rozen, Watsky & Jones, P.C.
3402 Oak Grove Ave., Ste. 200, Dallas, TX 75204  (214) 720-2009

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Brief description of cause: Sex Discrimination under 42 U.S.C. §2000e; Age Discrimination under 29 U.S.C. § 623(a)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ unliquidated

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED
(See instructions) JUDGE _____  DOCKET NUMBER _____

DATE  Dec 21, 2007

SIGNATURE OF ATTORNEY OF RECORD  /s/ Yona Rozen

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____